IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

ROBERT WILKIE, United States
Secretary of Veterans Affairs,

    Defendant.

No. C 19-05927 WHA

**ORDER GRANTING
MOTION TO DISMISS**

## INTRODUCTION

This concerns the fourth lawsuit in a series of repetitive civil actions brought by a *pro se* plaintiff against this federal defendant.[*] This order **GRANTS** his motion to dismiss.

## STATEMENT

The three separate cases before this have arisen from the same pattern of facts. In brief, *pro se* plaintiff Tatyana Drevaleva left work at New Mexico Veterans Affairs Medical Center (VAMC) without proper permission to undergo in-vitro fertilization in Russia. New Mexico VAMC then fired plaintiff for being absent without leave. On June 25, 2018, plaintiff filed the first of the series of lawsuits against the United States Department of Veterans Affairs and

---

[*] Numerous orders in plaintiff's related lawsuits informed her that the United States Department of Veterans Affairs is an improper defendant. This order's caption reflects the correction.

Robert Wilkie in the United States District Court Northern District of California. *Drevaleva v. U.S. Dep't of Veterans Aff. and Robert Wilkie,* No. C 18-03748 WHA (N.D. Cal. Dec. 3, 2018). Plaintiff has since filed two other complaints in district court against the same defendants alleging discrimination and seeking reinstatement to her position.

The June 2018 complaint alleged the following: (1) gender and pregnancy discrimination under Title VII of the Civil Rights Act; (2) disability discrimination under the ADA and failure to accommodate under the Rehabilitation Act of 1973; (3) age discrimination under the Age Discrimination in Employment Act; (4) tort claims for libel and intentional infliction of emotional distress; and (5) deprivation of liberty and property without due process. On December 3, 2018, an order dismissed the entire suit and denied plaintiff's motion for preliminary injunction. Her tort and constitutional claims drew a dismissal with prejudice because Title VII provided the exclusive remedy for those claims. The order also dismissed the United States Department of Veterans Affairs as an improper defendant.

The December 2018 order detailed the legal standards for each of plaintiff's discrimination claims, explained why plaintiff's complaint was insufficient, and allowed leave to file an amended complaint. On July 11, 2019, the remaining claims were dismissed with prejudice and judgment resulted for Robert Wilkie. Plaintiff appealed the final judgment which remains pending decision from our court of appeals (Case No. 18-03748, Dkt. Nos. 154, 155, 157).

Plaintiff's instant case originated in December 2018, when she filed with the Merit Systems Protection Board (MSPB) for review of her constitutional claims. The MSPB, however, found that it had no jurisdiction over those claims because it did not consider her to be a federal employee with the right to appeal to the MSPB. Plaintiff appealed this decision. The United States Court of Appeals for the Federal Circuit, however, held that it had no authority to review plaintiff's constitutional claims because they arose out of the June 2018 employment discrimination action filed in district court. The Federal Circuit found that its jurisdiction did not extend to reviewing discrimination claims and when "jurisdiction lies in the district court . . . the entire action falls within the jurisdiction of that court." Plaintiff argued to split her claims so she

1 could pursue her constitutional claims with the Court of Appeals for the Federal Circuit and the
discrimination claims in district court. The Federal Circuit did not agree and transferred this
case to the United States District Court Northern District of California (Dkt. No. 1 at 5–7,
25–26).

Plaintiff argues that both the Federal Circuit and MSPB have jurisdiction to consider her constitutional claims and asks for a transfer back to the Federal Circuit. The defense moves to dismiss plaintiff's claims. This order follows full briefing and oral argument.

**ANALYSIS**

Res judicata prohibits successive litigation of claims that have already been litigated as well as those that could have been litigated based on the same operative facts. 21A Fed. Proc., L. Ed. § 51:227. Res judicata is applicable when there is (1) privity between parties, (2) an identity of claims, and (3) a final judgment on the merits. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001). Here, res judicata precludes plaintiff's claims in the instant suit.

*First*, here, there is no question as to the privity of the parties as plaintiff Tatyana Drevaleva and defendants United States Department of Veterans Affairs and the Secretary of Veterans Affairs have been the same named parties to all of the aforementioned actions.

*Second*, plaintiff's claims alleged here relate to her termination from New Mexico VAMC. This is the same grievance previously decided in *Drevaleva v. U.S. Dep't of Veterans Aff. and Robert Wilkie,* No. C 18-03748 WHA.

*Third*, the United States District Court Northern District of California entered final judgment on the merits on July 11, 2019. Plaintiff contends that res judicata cannot apply because our court of appeals has not decided on the appeal of the July 2019 order. Our court of appeals, however, holds that "[t]he established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988). Res judicata, therefore, applies to the final judgment of the district court. Plaintiff then argues that the district court did not dismiss her constitutional claim on the merits. This order disagrees. The district court held that because plaintiff's "tort and

3

constitutional claims arise from the same factual predicate as her discrimination claims, Title VII provides the exclusive remedy" and dismissed the claims with prejudice (Dkt. No. 69 at 7–8). Accordingly, res judicata precludes consideration of plaintiff's claims and the motion to dismiss is **GRANTED**.

## CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED**. Judgment shall be entered separately.

**IT IS SO ORDERED.**

Dated: December 19, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE