UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WILKIE, United States Secretary of Veteran's Affairs,<br><br>Defendant. | No. C 19-05927 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND VACATING HEARING** |

**INTRODUCTION**

*Pro se* plaintiff Tatyana Drevaleva has filed three previous employment suits against various Veterans Affairs offices and officers alleging discrimination for her termination and for their refusal to rehire her after she left without leave. Here, in her fourth of six lawsuits, Ms. Drevaleva's claims have been previously dismissed as *res judicata* (Dkt. No. 34). Ms. Drevaleva now objects, filing: (1) a Rule 60 motion for relief from judgment; and (2) an affidavit of bias and prejudice. For the following reasons, all relief is **DENIED**.

*First*, Ms. Drevaleva does not satisfy her burden under Rule 60. A Rule 60(a) motion for relief from judgment corrects clerical mistakes or mistakes arising from oversight or omission in an order. A Rule 60(b) motion permits relief from a judgment, where "appropriate to accomplish justice," in cases such as a party's excusable neglect, opposing party's misconduct,

discovery of new evidence, lack of subject-matter jurisdiction, or other "extraordinary circumstances." *See Henson v. Fidelity Nat'l Fin., Inc.,* 943 F.3d 434, 443 (9th Cir. 2019). Ms. Drevaleva argues no such errors in her motion. Instead she conveys her disagreement, raises new claims, and re-litigates issues already addressed in the dismissal order. She fails to point to specific errors of law, new material facts, misconduct, or extraordinary circumstances warranting relief. Rule 60 permits district judges to realize and repair a glaring error without troubling the court of appeals. There is no such instance here.

Ms. Drevaleva argues *res judicata* was misapplied because no privity exists between Ms. Drevaleva and the Secretary of Veteran Affairs and that she raised new claims (Dkt. No. 37 at 30). *Res judicata* continues to be applicable whenever there exists (1) identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). Ms. Drevaleva raised the same claims that have been already dismissed in case number C 19-02665 WHA against the same defendant, the Secretary of Veteran Affairs (Dkt. No. 34).

Additionally, Ms. Drevaleva argues this Court lacks subject-matter jurisdiction over her own lawsuit. The United States Court of Appeals for the Federal Circuit already addressed this question. Ms. Drevaleva, additionally, concedes subject-matter jurisdiction when she asserts in her motion that the United States Court of Appeals for the Federal Circuit "transferred [her] claim to the District Court because [her] discrimination claims had been already pending there" (Dkt. No. 37 at 20). In its order to transfer Ms. Drevaleva's matter to this district, the United States Court of Appeals for the Federal Circuit stated that it did "not have authority to decide Ms. Drevaleva's case." It stated that "[a]lthough we have jurisdiction to review decisions of the Board [of Veteran Affairs] concerning personnel actions . . . our jurisdiction does not extend to cases in which the petitioner pursues a discrimination claim." The Federal Circuit then explained that while Ms. Drevaleva had timely filed her petition for review, she simultaneously had filed complaints in the Northern District of California alleging discrimination on the same matter; therefore, she lost jurisdiction in the United States Court of

2

Appeals for the Federal Circuit when she filed in the Northern District of California (Dkt. No. 1 at 2). Thus, the United States Court of Appeals for the Federal Circuit confirmed this Court properly retains subject-matter jurisdiction.

*Second*, the undersigned judge has carefully considered Ms. Drevaleva's affidavit of bias and prejudice and continues to appreciate Ms. Drevaleva's vigorous disagreement with prior rulings. However, as with prior affidavits to disqualify (*see, e.g.*, No. C 19-03748 WHA, Dkt. No. 102; No. C 19-02665 WHA, Dkt. No. 44), the undersigned judge remains determined to give Ms. Drevaleva fair hearings and proceedings (*see* No. C 19-03748 WHA, Dkt. No. 129). All rulings against Ms. Drevaleva cut to the merits, not to any bias. Indeed, other judges of our District, taking Ms. Drevaleva's affidavits of bias on referral, have already found no bias or impropriety (*see id.*, Dkt. No. 138). As already ordered, there will be no further referrals on grounds of bias (*see* No. C 19-02665 WHA, Dkt. No. 67). The undersigned judge continues to assure Ms. Drevaleva she will continue to be heard fairly, impartially, and in accord with the law, but she must also appreciate that her prolix and repetitive litigation of the same basic issue may lead to a sanction.

Ms. Drevaleva's motion for relief under Rule 60 and to disqualify is **DENIED**. This order hereby **VACATES** hearing on this motion, originally scheduled for March 12, 2020.

**IT IS SO ORDERED.**

Dated: March 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE