United States District Court
Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   TATYANA EVGENIEVNA DREVALEVA,                    Case No. 19-cv-05927-HSG
8
              Plaintiff,                             **ORDER REVOKING E-FILING PRIVILEGES**
9
         v.
10
    DEPARTMENT OF VETERANS AFFAIRS,
11
12            Defendant.
13

14      On March 26, 2021, the Court reemphasized that this case is closed. Dkt. No. 67. The

15 Ninth Circuit dismissed Plaintiff's appeal with prejudice as frivolous, denied multiple motions for

16 clarification and reconsideration, and issued its mandate confirming that dismissal. Dkt. Nos. 60,

17 63, 64. Plaintiff now seeks, via an administrative motion, to "remove the 'no file' restriction . . .

18 and to allow me to file the Second Motion to Vacate the Judgment." Dkt. No. 68. Plaintiff's

19 refusal to accept the finality of rulings by this Court and by the Ninth Circuit is part of a well-

20 established pattern across several of her lawsuits.

21      For example, in another case, after the then-assigned district judge entered final judgment

22 in favor of the defendant, terminated the case, and directed the clerk to close the file, Plaintiff filed

23 a Rule 60 motion for relief from judgment, a motion to disqualify, a motion to de-publish the order

24 dismissing the case, and several supplemental briefs. *See* C 19-02665 HSG, Dkt. No. 48, 50, 52,

25 67. The district judge denied these motions, revoked Plaintiff's *in forma pauperis status* on

26 appeal, and denied Plaintiff's subsequent motion to reconsider its order revoking her IFP status

27 because she had "inappropriately continue[d] to file new cases . . . arising from the same events."

28 *See* C 19-02665 HSG, Dkt. Nos. 67, 76. And the Ninth Circuit again dismissed Plaintiff's appeal

as frivolous and denied Plaintiff's subsequent motions for clarification and reconsideration. C 19-02665 HSG, Dkt. Nos. 80, 82. Plaintiff nonetheless filed a second motion to vacate the district judge's order. *See* C 19-02665 HSG, Dkt. No. 85. In yet another case, the then-assigned district judge denied Plaintiff's motion to vacate judgment and clarified that "[n]o more motions by plaintiff will be entertained herein." C 19-01454 HSG, Dkt. No. 45. Plaintiff nonetheless moved to remove the restriction on further filings, and filed a second motion to vacate, a motion for injunction pending appeal, and a motion for a temporary restraining order. *See* C 19-01454 HSG, Dkt. No. 58.

It appears that Plaintiff is again reverting to this pattern of filing serial administrative motions, supplemental briefs, motions to vacate judgment and reconsideration motions without regard to court orders. In this case, Plaintiff complains about "the multiple deficiencies" of the previously-assigned district judge, and she also claims that the Ninth Circuit issued a "legally invalid ruling." Dkt. No. 68. But of course this Court is bound by law to follow the Ninth Circuit's ruling, without regard to what Plaintiff thinks about it.

Once the Ninth Circuit has ruled and issued its mandate, a case is over. It is not appropriate for Plaintiff to plow forward as though even a definitive final ruling is simply an excuse to repeatedly re-raise arguments that have been considered and rejected. Because Plaintiff continues to attempt to relitigate issues in closed cases, notwithstanding orders in multiple cases directing her not to do so, the Court **TERMINATES** Plaintiff's ECF filing privileges in this case. The Court's IT Department is further directed to take whatever steps are necessary to revoke Plaintiff's ECF filing capabilities. Plaintiff may not re-register to file again via ECF in this case without Court approval. Dkt. No. 68 is **DENIED**, and the Clerk is directed to accept no further motions in this closed case.

**IT IS SO ORDERED.**

Dated: 3/30/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge